# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| ROBERT ALLEN CARTER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE, et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:16CV57DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Plaintiff's Motion to Strike Defendants' Joint Motions to Dismiss and for Joinder [Docket No. 36] and Plaintiff's Conditional Motion to Extend Time to Oppose Defendants' Motions to Dismiss [Docket No. 37].

　　　　The court considers Plaintiff's Motion to Strike to be improper. The text of FRCP 12 allows only a motion to strike matters in a pleading. Fed. R. Civ. P. 12(f). The Tenth Circuit has stated in an unpublished decision that "[g]enerally . . . motions, briefs, and memoranda may not be attacked by a motion to strike." *Searcy v. Soc. Sec. Admin*, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992) (unpublished opinion). Several district courts in the Tenth Circuit have also recognized that "'[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D.N.M. 2013) (quoting *Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps.*, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009).

Moreover, even if there is an historic or common law practice of filing a motion to strike anything objectionable that is unconnected with the rules of practice, such motions would be more disfavored than a Rule 12 motion to strike. *Waterton Polymer Products USA, LLC v. EdiZONE, LLC*, 2012 WL 4024626, at *1 (D. Utah Sept. 12, 2012) ("Motions to strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). If Plaintiff believes that Defendants have filed improper motions, Plaintiff should explain what is improper with the motions in his memoranda opposing the motions. Instead of filing a motion dealing only with a single procedural error, Plaintiff can address any procedural or substantive issues in a memorandum in opposition to the allegedly objectionable motion.

Specifically, Plaintiff objects to Defendants Paul M. Halliday, Jr. and Halliday, Watkins & Mann's motion entitled "Joinder to Motion to Dismiss Filed By Co-Defendants Federal National Mortgage Association and Seterus, Inc. and Motion to Dismiss and Memorandum in Support of Motion to Dismiss and Motion for Fees" [Docket No. 26] and Defendants Michael Kushlan and Talitha Kushlan's motion entitled "Joinder to Motion to Dismiss Filed By Co-Defendants Federal National Mortgage Associations and Seterus, Inc. and Paul M. Halliday Jr. And Motion to Dismiss and Memorandum in Support of Motion to Dismiss and Motion for Fees" [Docket No. 29]. Plaintiff's objection focuses on Local Rule DUCivR 7-1(a)(4), which provides: "Each party seeking relief from the Court must file its own motion stating the relief sought and the basis for the requested relief. A party may incorporate by reference the arguments and reasons set forth in another party's motion or memorandum to the extent applicable to that party."

In this case, even though the title of the motions refer to "joinder," the motions were not

filed in the court's docket as notices of joinder, they were filed as separate motions. Defendants Paul M. Halliday, Jr. and Halliday, Watkins, and Mann clearly identify the relief sought and the basis for the requested relief in their own motion in compliance with DUCivR 7-1(a)(4). Although their motion is entitled a "Joinder," it provides nine pages of analysis relating to Defendants and appropriately incorporates by reference the arguments made by the other Defendants' motion. Defendants Michael and Talitha Kushlan's motion also identifies why they were named in the action and incorporates the motions filed by the other defendants as a basis for dismissing the claims against them. The court finds no confusion as to the relief sought or the basis for the relief sought. Therefore, there are no grounds for striking the motions as improper joinders under DUCivR 7-1(a)(4).

In addition, the court also notes that Plaintiff appears to be asserting Defendants' motions are improper because parties represented by the same law firm should file separate motions for each party. The court does not read DUCivR 7-1(a)(4) to require multiple parties represented by one law firm to file separate motions. The Advisory Committee Note to DUCivR 7-1(a)(4) specifically identifies the problem the rule was intending to solve as a problem that had arisen when there are "two defendants in an action, represented by different counsel" and one files a Notice of Joinder in the other defendant's motion. Therefore, although the language in DUCivR 7-1(a)(4) states "[e]ach party seeking relief from the court must file its own motion," it is not intended to require several defendants represented by one counsel to file separate motions. Plaintiff's reading of the rule would change longstanding motion practices in this district. However, the rule was intended to merely address a problem with notices of joinder filed by

parties represented by different counsel.

Based on the above reasoning, the court DENIES Plaintiff's Motion to Strike Defendants' Joint Motions to Dismiss and for Joinder. The court GRANTS IN PART Plaintiff's Conditional Motion to Extend Time to Oppose Defendants' Motions to Dismiss. Plaintiff has twenty days from the date of this Order to file all his oppositions to all of the pending motions. Plaintiff's present motions demonstrate that he has had ample time to brief oppositions during the extensions already stipulated to by opposing counsel. This additional extension is the last extension the court will allow absent exigent circumstance.

DATED this 7th day of April, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge