# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| ROBERT ALLEN CARTER, AS ADMINISTRATOR IN INTESTACY FOR THE ESTATE OF MONTA RAY CARTER AND ROBERT NEIL CARTER,<br><br>Plaintiffs,<br><br>vs.<br><br>SETERUS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; PAUL M. HALLIDAY, JR.; HALLIDAY, WATKINS & MANN; TIFFANY BOTSOI;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:16CV57DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on: (1) Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 28]; (2) Defendants Paul M. Halliday, Jr. and Halliday, Watkins & Mann, P.C.'s ("Halliday Defendants") Joinder to Motion to Dismiss Filed By Co-Defendants Federal National Mortgage Association and Seterus, Inc. and Motion to Dismiss and Memorandum in Support of Motion to Dismiss and Motion for Fees [Docket No. 26]; and (3) Defendants Michael Kushlan and Talitha Kushlan's joinder in those two motions [Docket No. 29]. On May 31, 2017, the court held a hearing on the motions. At the hearing, Plaintiffs were represented by Douglas R. Short, Defendants Fannie Mae and Seterus were represented by Michael S. Kelley, the Halliday Defendants were represented by Spencer Macdonald, and the Kushlan Defendants were

represented by James H. Deans. The court took the motions under advisement. Based on the memoranda filed by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

**BACKGROUND**

Plaintiff Robert Allen Carter brought the present "wrongful foreclosure" lawsuit asserting numerous causes of action against the successor lender and its loan servicer, the successor trustee who conducted the non-judicial foreclosure, and the couple who bought the house at the foreclosure sale.

On or about June 8, 1992, Robert Neil Carter and Monta Ray Carter ("Borrowers") acquired property at 58 West 150 North, North Salt Lake, Davis County, Utah ("Property"). On or about December 26, 2002, the Borrowers executed a Deed of Trust that secured a loan and note in the amount of $60,000, identifying Washington Mutual Bank as lender and beneficiary and United Title Services as trustee. Robert Neil Carter died on April 22, 2010, and Monta Ray Carter died on March 2, 2011. Plaintiff Robert Allen Carter is the Administrator in Intestacy of their joint estate and he has brought the present lawsuit on behalf of the estate.

On or about April 3, 2015, a Corporate Assignment of Deed of Trust was recorded against the Property stating that the Federal Deposit Insurance Corporation, acting as receiver of Washington Mutual Bank, had assigned the Deed of Trust to JPMorgan Chase Bank. On or about December 28, 2015, a Utah Assignment of Deed of Trust was recorded on the Property reflecting that JPMorgan Chase Bank had assigned the Deed of Trust to Federal National Mortgage Association ("Fannie Mae").

The Deed of Trust provides that "the covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." The Deed of Trust

also provides that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."

On May 21, 2015, Seterus, the loan servicer for Fannie Mae, sent a letter to Carter notifying him that the loan was in default for failure to make payments. The letter informed Carter that he was required to pay a specific sum by June 25, 2015 to prevent the recording of a Notice of Default and initiation of foreclosure proceedings. On January 7, 2016, Paul M. Halliday, Jr., as Successor Trustee, recorded a Notice of Default and Election to Sell against the Property. On January 12, 2016, Seterus, as loan servicer for Fannie Mae, recorded a Substitution of Trustee stating: "The Beneficiary ratifies and confirms any action taken on the Beneficiary's behalf by the herein appointed Successor Trustee prior to the recording of the Substitution of Trustee." The Substitution of Trustee is signed by Seterus as authorized subservicer for Fannie Mae.

The Trust Deed provides that a sale of the Note "might result in a change of the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicers unrelated to a sale of the Note." In addition, the Deed of Trust provides: "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."

On May 24, 2016, the Successor Trustee held a foreclosure sale of the Property and sold the Property to Michael and Talitha Kushlan for $128,100. On May 26, 2016, the Successor Trustee recorded a Trustee's Deed identifying the sale price and Michael and Talitha Kushlan as

grantees. The Trustee's Deed also states "all applicable statutory provisions of the State of Utah and all of the provisions of the Trust Deed have been complied with as to the acts to be performed and the notices to be given."

Carter filed his Complaint in this case on May, 23, 2016, the day before the foreclosure sale. However, Carter did not serve Defendants until November, 2016. Carter then amended his Complaint on January 30, 2017, and Defendants filed the motions to dismiss presently before the court.

## DISCUSSION

### Defendants' Motions to Dismiss

Fannie Mae and Seterus filed a motion to dismiss, which has been joined in by the remaining defendants. The Halliday Defendants filed their own motion to dismiss incorporating Fannie Mae and Seterus' arguments and explaining how those arguments apply to the claims alleged against them. The Kushlan Defendants filed only a joinder in the other Defendants motions. However, the Kushlan Defendants' joinder explains how they are involved in the claims and the basis for their dismissal. Therefore, although the document is not properly titled a motion, it is also not merely an improper joinder under DUCivR 7-1(a)(4).

Defendants argue that Plaintiff does not have standing to challenge the assignment of the Deed of Trust to Fannie Mae. The Amended Complaint challenges whether Fannie Mae is the owner of the debt and alleges that Fannie Mae is not the statutory beneficiary in order to assert that the subsequent foreclosure documents and process are invalid. However, federal courts have frequently determined that a borrower challenging the validity of a mortgage assignment lacks standing to assert such a claim. *Long v. Wells Fargo Bank, N.A.,* 2015 U.S. Dist. LEXIS 35207, at *9 (D. Utah Mar. 17, 2015).

Carter does not have standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment agreements. The Deed of Trust specifically states that the lender may assign the mortgage to another lender without notice to the borrower. The express terms of the Deed of Trust and Note gave Fannie Mae and Seterus, acting as its loan servicer, the right to enforce the Deed of Trust and foreclose the property when payments were not made.

Carter claims that he is affirmatively alleging that the debt was not in fact assigned to Fannie Mae and that Fannie Mae is falsely claiming to own the debt when in fact it is owned by others because it was securitized by the original lender shortly after the debt was created and there was no interest that could be transferred. However, Carter's allegation that Fannie Mae is falsely claiming to own the debt is conclusory and need not be considered by the court. A Corporate Assignment of Deed of Trust was recorded against the Property reflecting that the FDIC, acting as receiver for Washington Mutual Bank, assigned the Deed of Trust to JPMorgan. A Utah Assignment of Deed of Trust was recorded against the Property reflecting that JPMorgan had assigned the Deed of Trust to Fannie Mae. The court can take judicial notice of these recorded documents and the fact that the Deed of Trust was assigned to Fannie Mae. Carter's Amended Complaint makes a convoluted attempt to split the Note from the Deed of Trust based on a possible securitization by the original lender, but these types of arguments have been repeatedly rejected by courts. *See Hodge v. Ocwen Loan Servicing*, 2:11cv837DN, 2012 WL 1434887, at *6 (D. Utah April 25, 2012).

In addition, Carter challenges whether the successor trustee had the authority to foreclose on the Property. But the Deed of Trust provides that the Lender could appoint a successor trustee at any time. Utah Code Annotated Section 57-1-22(1)(a) provides that "[t]he beneficiary may appoint a successor trustee at any time by filing an appointment of trustee or a substitution of

trustee for record in the office of the county recorder of each county in which the trust property or a part of the trust property is located." Seterus, as loan servicer for Fannie Mae, properly appointed Paul Halliday Jr. as successor trustee according to the terms of the Deed of Trust and Utah law. Therefore, Halliday had the authority to conduct the foreclosure sale.

Carter challenges the substitution of trustee because it was signed by Seterus and not Fannie Mae, who was the statutory beneficiary. However, the Substitution of Trustee is executed by "Seterus, Inc., as authorized subservicer for Federal national Mortgage Association ('Fannie Mae')." The Deed of Trust specifically provides that "[a] sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note."

Courts have rejected similar arguments regarding the loan servicer's authority to appoint a successor trustee for purposes of conducting a foreclosure. *Covarrubias v. U.S. Bank*, 2015 U.S. Dist. LEXIS 5008, at *18 (N.D. Tex. Jan. 15, 2015); *Aceves v. U.S. Bank N.A.*, 192 Cal. App. 4th 218, 231-32 (2011). These courts noted that the loan servicers were acting within their stated agency and authority in making a successor trustee appointment.

Carter also challenges Halliday's recording of the Notice of Default because it was recorded prior to the recording of the Substitution of Trustee. However, the Substitution of Trustee specifically ratified the trustee's actions taken before the Substitution of Trustee was recorded. Utah courts have rejected such challenges and Utah statute allows a beneficiary to ratify a trustee's actions taken before the recording of the substitution of trustee. *Aparicio v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 128235, at *12 (D. Utah Oct. 17, 2011); Utah Code Ann. § 57-1-22(1)(c). Carter's Declaratory Judgment Claim for invalid substitution of trustee fails to state a claim because Seterus properly appointed Halliday as trustee under the

Deed of Trust and Utah law.

Carter's post-foreclosure challenge to the foreclosure sale–the third cause of action for wrongful foreclosure–fails as a matter of law because it is based on a series of conclusory allegations that the court need not accept as true. For example, Carter alleges that it is not currently known who actually owns the debt. However, there are records clearly demonstrating who owns the debt. In addition, Carter alleges that Halliday claims a property interest in the Property based on a trustee's lien. However, a trustee is merely an agent for a principal who is the beneficiary under the Deed of Trust. A foreclosure trustee has "no duty" to "investigate" a foreclosing party's authority "beyond the language of the trust deed." *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1243 (10th Cir. 2013). There is no allegation in this case that the Halliday Defendants violated their statutory trustee duties.

In the absence of an actual allegation that the Halliday Defendants violated their statutory duty as trustee, there is no basis in law for Carter's claims against them. Under Utah law, "A [trustee's] sale once made will not be set aside unless the interests of the debtor were sacrificed or there was some attendant fraud of unfair dealing." *Concepts, Inc. v. First Sec. Realty Servs. Inc.*, 743 P.2d 1158, 1160 (Utah 1987). Carter has not alleged an irregularity in the sale that prevent him from protecting the estate's interest in the Property. Carter's wrongful foreclosure claim must be dismissed because he does not allege any fraud or unfair dealing. *Pierucci v. U.S. Bank, N.A.*, 2015 UT App 80, ¶ 14, 347 P.3d 837, 841.

Carter's breach of contract claim fails as a matter of law because Seterus had the authority to foreclose on the Property under its agency role with Fannie Mae and the entities involved with the foreclosure process proceeded under the terms of the Deed of Trust and Utah law. Carter's conclusory allegations otherwise do not defeat a motion to dismiss.

Carter's claim for violation of foreclosure relief requirements under Utah law fail because Seterus complied with the requirements of Utah Code Annotated Section 57-1-24.3 by sending letters to Carter stating that the loan was in default and designating a single point of contact. The letters also demonstrate that Carter was not entitled to mortgage relief because he failed to comply with the requirements. Carter asserts that the court cannot consider the letters because they are not specifically referenced in the Amended Complaint. However, Carter's claim for a violation of the foreclosure relief requirements is that the letters sent to him violated the foreclosure relief requirements. The letters are central to Carter's claims regarding the alleged default and foreclosure relief issues and are letters sent to him. Thus, even if they are not specifically referenced in the Amended Complaint, they are essentially referenced, the letters are central to the claim, and Carter did not dispute the letters' authenticity. *See Gee v. Pacheco*, 627 F.3d 1178, 1186-87 (10th Cir. 2010). Therefore, the court concludes it is capable of considering the letters in connection with the motions to dismiss. Based on those letters, Carter's cause of action for violation of foreclosure relief requirements under Utah law fails to state a claim.

Carter's claims for violation of the Fair Debt Collection Practices Act ("FDCPA") against Fannie Mae, Seterus, and the Halliday Defendants fail because the nonjudicial foreclosures in this case was not subject to the FDCPA. *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009); *Long v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 35207, at *13 (D. Utah Mar. 17, 2015); *Burnett v. Mortg. Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 100409, at *8 (D. Utah Oct. 26, 2009); *Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1144-45 (D. Utah 2008). In *Burnett*, this court determined that the FDCPA does not apply to non-judicial foreclosure actions when the trust deed gives the Lender and trustee the present right to possession of the property. 2009 U.S. Dist. LEXIS 100409, at *8. In the present case, the Defendants were authorized under

the Deed of Trust and Utah law to engage in the actions they took and such actions cannot be violations of the FDCPA. All of Carter's FDCPA causes of action are predicated on conduct relating to the foreclosure process. Therefore, none of those causes of action state a claim upon which relief may be granted.

Carter's quiet title claim fails as a matter of law because the foreclosure was valid and Carter has not paid off the underlying debt. Under Utah law, "[t]o succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of their own claim to title and not the weakness of a defendant's title or even its total lack of title." *Collard v. Nagle Const. Inc.*, 57 P.3d 603 (Utah App. 2002). Carter's Amended Complaint is devoid of any factual allegations which either substantiate the strength of his own claim or the weakness of a Defendant's title. Moreover, an action to determine adverse claims cannot be maintained against the holder of the legal title by one who has a mortgage lien. *Dunlap v. Stichting Mayflower Mountain Fonds*, 76 P.3d 711, 715 (Utah 2003).

In addition, the 33rd Cause of Action for wrongful eviction fails as a matter of law against the Halliday Defendants because the Halliday Defendant have not been a party to any eviction actions against Carter. The 33rd Cause of Action also fails against the Kushlans because the documents in this case demonstrate that the Kushlans properly purchased the Property at the foreclosure sale and are entitled to possession of the Property.

Moreover, despite Carter's claims to the contrary, Carter's 34th and 35th causes of action for declaratory judgment can be dismissed prior to conducting discovery. Carter's 34th Cause of Action asks for declaratory judgment that the Note has not been accelerated and Carter's 35th Cause of Action asks for declaratory judgment that the court not enter a declaratory judgment prior to discovery as to the relationship between Carter and Defendants. However, the

acceleration of the debt is obvious from the recorded Notice of Default and the relationship between the parties is demonstrated in recorded documents. There is no need for discovery before the court rules on these causes of action. The documents before the court which can be properly considered on this motion to dismiss demonstrate that the Note was properly accelerated, Fannie Mae was a proper beneficiary under the Note and Trust Deed, Seterus was a proper loan servicer conducting services on behalf of Fannie Mae, Halliday was a proper successor trustee, and the Kushlans were proper purchasers of the Property at the foreclosure sale. Because Carter's claims rely on faulty underlying assumptions that are disproved by the documents in this case, his declaratory judgment causes of action are dismissed.

Carter takes issue with the parties' request to dismiss the entire Amended Complaint. However, Defendants have demonstrated that each of Carter's claims fail as a matter of law. Accordingly, the court concludes that it is appropriate to dismiss the Complaint and the entire action.

The Halliday Defendants request attorney fees under Utah Code Annotated Section 57-1-22.1, which prohibits a party from naming a foreclosure trustee as a party to litigation unless the litigation pertains to the trustee's obligations. While the court found Carter's claims to be without merit, the court declines to award fees.

## CONCLUSION

Based on the above reasoning, Defendants Fannie Mae and Seterus' Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 28] is GRANTED, the Halliday Defendants' Motion to Dismiss [Docket No. 26] is GRANTED on the substantive claims and DENIED as to the request for fees, and Defendants Michael Kushlan and Talitha Kushlan's joinder pleading is construed as a motion to dismiss [Docket No. 29] and is GRANTED.

DATED this 30th day of June, 2017.

                BY THE COURT:

                _____
                DALE A. KIMBALL,
                United States District Judge