# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| ROBERT ALLEN CARTER,<br><br>      **Plaintiff,**<br><br>vs.<br><br>**FEDERAL NATIONAL MORTGAGE, et al.,**<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  1:16CV57DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff's Motion to Reopen Case and For Leave to Prepare an Amended Complaint [Docket No. 57].  The motion is fully briefed, and the court does not a believe a hearing would aid in its determination of the motion.

Plaintiff moves to reopen the case, claiming that the court mistakenly closed the case before all claims against all parties were resolved on the merits.  Plaintiff also seeks leave to prepare an Amended Complaint in light of the court's Memorandum Decision and Order.  However, the court's June 30, 2017 Memorandum Decision and Order ruled on all of the claims asserted against all of the parties who were served.  The court specifically stated:

> Carter takes issue with the parties' request to dismiss the entire Amended Complaint.  However, Defendants have demonstrated that each of Carter's claims fail as a matter of law.  Accordingly, the court concludes that it is appropriate to dismiss the Complaint and the entire action.

Although Plaintiff contends that the claims against James and Timothy Dean have not yet been adjudicated on the merits, there is no indication in the court's docket that the Deans were served with the Amended Complaint.  The Amended Complaint was filed on January 30, 2017.

The Court's Memorandum Decision and Order was issued June 30, 2017, at which time there was no indication that the Deans had been served and the time for doing so had passed. Although the Deans appeared at the hearing on the motions to dismiss, there is no documentation that the case was proceeding against them. To the extent that James Dean's appearance at the hearing could be deemed to excuse service against the Dean Defendants or an acceptance of service, the hearing was on May 31, 2017, and was also past the deadline for service of the Amended Complaint. Plaintiff did not seek additional time for service. In any event, the court found no basis for the 33rd cause of action, which was also asserted against the Deans, and dismissed the claim. Despite Plaintiff's claims to the contrary, the court adequately dismissed the 33rd cause of action. Therefore, even if the court were to find that the Deans were properly served parties at the time of the court's Memorandum Decision and Order, the court already concluded that there was no basis for the claim asserted against them. Moreover, the court also fully analyzed and dismissed Plaintiff's Fair Debt Collection Practices Act claims.

Plaintiff claims that if the court does not reopen the case to adjudicate the claims against the Deans, he will move under FRCP 60(b) on the grounds that the court's Amended Judgment is void. However, the court's July 31, 2017 Amended Judgment accurately reflects the disposition of the case. There was no record in the case that the Deans were timely served and the court already ruled that the only claim in which they were named fails to state a claim upon which relief may be granted. The court does not believe that the Amended Judgment is void. Even if the Deans were properly served, a court can dismiss claims on its own motion.

The court also notes that Plaintiff took an appeal from the court's Judgment. Plaintiff did not seek a Rule 54(b) certification to appeal. Plaintiff then requested that the court amend its

Judgment to list all of the parties in the January 30, 2017 Amended Complaint.  The court

entered an Amended Complaint, and Plaintiff allowed his appeal to be dismissed for failure to

prosecute rather than informing the Tenth Circuit that he believed that this court's Judgment was

not a final judgment.  Plaintiff appears to have exhausted his appellate remedies.  Plaintiff's

actions do not appear consistent with concerns over the scope of the dismissal or judgment until

after the appeal was dismissed.  The court concludes that Plaintiff's motion lacks merit, both

procedurally and factually.  Accordingly, Plaintiff's Motion to Reopen Case and For Leave to

Prepare an Amended Complaint [Docket No. 57] is DENIED.

DATED this 26th day of October, 2017.

BY THE COURT:

DALE A. KIMBALL
United States District Judge